# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17CV240

| | |
|---|---|
| JOSEPH CLARK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HARRAH'S NC CASINO COMPANY, ) <br> LLC, and BROOKS ROBINSON, ) <br> ) <br> Defendants. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on a Motion to Dismiss (# 34) filed by Harrah's NC Casino Company, LLC ("Defendant Harrah's") and a Motion to Dismiss (# 44) filed by Brooks Robinson ("Defendant Robinson"). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, this Court will recommend that Defendant Harrah's Motion to Dismiss be granted, and Defendant Robinson's Motion to Dismiss be denied as moot.

I.  **Procedural Background**

On August 31, 2017, Plaintiff, on behalf of himself and all similarly-situated individuals, filed a Class Action Complaint (# 1) against Defendant Harrah's for unpaid wages, overtime compensation, and statutory penalties resulting from its willful failure to compensate gaming floor employees with proper pay, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, et seq.

On October 18, 2017, Defendant Harrah's filed a Motion to Dismiss (# 18) for lack of

jurisdiction. On November 8, 2017, Plaintiff filed an Amended Complaint (# 29), alleging that Defendant Harrah's and Defendant Robinson[1] violated the FLSA and the NCWHA. On November 9, 2017, the presiding District Judge denied as moot Defendant Harrah's October 18, 2017, Motion to Dismiss.

On November 21, 2017, Defendant Harrah's filed its Motion to Dismiss (# 34) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7). Plaintiff filed a Response in Opposition (# 39), and Defendant Harrah's filed a Reply (# 43).

On February 5, 2018, Defendant Robinson filed his Motion to Dismiss (# 44) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7). Plaintiff filed a Response in Opposition (# 51), and Defendant Robinson filed a Reply (# 52).

## II. Factual Background[2]

The facts, as alleged in Plaintiff's Amended Complaint (# 29), are as follows: Plaintiff was employed at Harrah's Cherokee Casino Resort from July 28, 2014 through September 29, 2015. Am. Compl. (# 29) ¶ 18. Plaintiff was employed at Harrah's Cherokee Valley River Casino from October 2015 through January 18, 2017. Id. Plaintiff worked as a table games dealer, dual rate dealer, and floor supervisor. Id.

Defendant Harrah's is a North Carolina corporation with its principal office in Las Vegas, Nevada. Id. ¶ 19. Defendant Harrah's operates two casinos in North Carolina: Harrah's Casino Resort, which is located in Cherokee, North Carolina and Harrah's Cherokee Valley River Casino

---

[1] The distinction between the Complaint (# 1) and the Amended Complaint (# 29) appears to be the addition of Defendant Robinson.

[2] The Court must assess the facts differently with respect to the two grounds for dismissal before it. In particular, when addressing Defendants' Motions to Dismiss for lack of subject-matter jurisdiction, Plaintiff bears the burden of establishing jurisdiction, including Article III standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). As for the Rule 12(b)(7) motion, Defendant Harrah's, the moving party, bears the burden of establishing that an absent party is necessary and indispensable under Rule 19(b). See Am. Gen. Life & Acc. Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005).

and Hotel, which is located in Murphy, North Carolina.  Id.

Defendant Harrah's is the exclusive manager and operator of Harrah's Cherokee Casino Resort and Harrah's Cherokee Valley River Casino.  Id. ¶ 23.  Defendant Robinson serves Defendant Harrah's as Senior Vice President and General Manager of Harrah's Cherokee Casino Resort and Harrah's Cherokee Valley River Casino and Hotel.  Id. ¶ 20.

Defendant Harrah's has a uniform, company-wide payroll policy of automatically deducting 30 minutes per shift worked for a so-called meal break for all hourly, non-exempt table games dealers, despite the fact that these workers are not given a 30-minute, uninterrupted meal break.  Id. ¶ 27.  Defendant Harrah's requires table games dealers to return to their gaming station at least ten minutes prior to the end of their meal break.  Id. ¶ 30.

Defendant Harrah's also has a uniform, company-wide policy and practice, which requires table games dealers, dual rate supervisors, and shift supervisors to report to work at least 30 minutes before the start of their scheduled shifts for attendance at mandatory pre-shift meetings, all without pay.  Id. ¶ 32.  Defendant Harrah's refuses to pay overtime to its dual rate dealers and floor supervisors for hours worked in excess of 40 during a workweek.  Id. ¶ 34.

**II.     Legal Standards**

    **A.     Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear the dispute.  See Fed. R. Civ. P. 12(b)(1); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (holding that a court "must dismiss the complaint in its entirety" when it lacks subject-matter jurisdiction over a matter). Where a defendant contends that a complaint fails to allege facts upon which the court can base subject-matter jurisdiction, the court, like ruling on a motion to dismiss pursuant to Federal Rule of Civil

3

Procedure 12(b)(6), assumes as true the factual allegations in the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). If, however, the defendant contends that the jurisdictional allegations contained in the complaint are false, the court may go beyond the allegations of the complaint and conduct an evidentiary hearing in order to determine if there are facts to support the court's exercise of jurisdiction over the dispute. Id.

    **B.**    **Fed. R. Civ. P. 12(b)(7)**

A Federal Rule of Civil Procedure 12(b)(7) motion to dismiss addresses the failure to join a required party under Federal Rule of Civil Procedure 19. Marina One, Inc. v. Jones, 22 F. Supp. 3d 604, 607 (E.D. Va. 2014); see Fed. R. Civ. P. 12(b)(7). Rule 12(b)(7) motions involve a two-step inquiry. Under the first step, the court must determine whether a party is necessary under Rule 19(a) because of its relationship to the matter under consideration. Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). If the absent party is necessary, it must be ordered into the action so long as the joinder does not destroy the court's jurisdiction. Id. Pursuant to the second step, when a party cannot be joined because it would destroy the court's jurisdiction, the court must decide whether the action can continue without the party, or whether the party is indispensable under Rule 19(b) and the action must be dismissed. Id. Dismissal under Rule 12(b)(7) is disfavored. Id. at 441; see Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc., 210 F.3d 246, 250 (4th Cir. 2000) ("Dismissal of a case [for nonjoinder] is a drastic remedy . . . which should be employed only sparingly.") (quoting Teamsters Local Union No. 171 v. Keal Driveway Co., 173 F.3d 915, 918 (4th Cir. 1999)).

**III.**    **Discussion**

    **A.**    **This Court has subject-matter jurisdiction over Plaintiff's claims against Defendant Harrah's.**

Defendant Harrah's argues that dismissal of the Amended Complaint in its entirety is warranted under Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject-matter jurisdiction over Plaintiff's claims, as well as any putative class member claims.[3] Def. Harrah's Mem. Supp. (# 34-1) at 3. Defendant Harrah's contends that Plaintiff's employer, the Tribal Casino Gaming Enterprise ("TCGE"), has sovereign immunity from suit under the FLSA. Id. at 3-4. Defendant Harrah's further contends that Congress has not chosen to abrogate sovereign immunity with respect to the FLSA, and TCGE has not waived sovereign immunity for FLSA claims. Id.

The plaintiff bears the burden of proving that subject matter jurisdiction exists. See Richmond, Frederickburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Further, the Court should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

Defendant Harrah's argues that the Eastern Band of Cherokee Indians ("EBCI"), a federally-recognized Indian tribe in Cherokee, North Carolina, is immune from suit based on tribal sovereign immunity due to its status as an Indian tribe. Mem. Supp. (# 34-1) at 2; see Kiowa Tribe of Oklahoma v. Manuf. Techs., Inc., 523 U.S. 751, 754 (1998) ("[A]n Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity.").

EBCI is not a named defendant to this lawsuit. See Am. Compl. (# 29). In fact, the only defendants in this lawsuit are Defendant Harrah's and its one employee, Defendant Robinson. See Ray Decl. (# 34-2) ¶ 6. Defendant's Harrah's is a limited liability company registered with North Carolina's Secretary of State. Defendant Harrah's is not asserted to be owned by an Indian tribe,

---

[3] The putative class members Plaintiff purports to represent are current and former table games dealers, dual rate dealers, and floor supervisors at Defendant Harrah's casinos. See Am. Compl. (# 29) ¶¶ 36-37.

5

let alone EBCI. Thus, Defendants are not subject to dismissal for a lack of subject matter jurisdiction on the basis of tribal sovereign immunity. Consequently, Defendant Harrah's Motion to Dismiss (# 34) pursuant to Rule 12(b)(1) must be denied.

### B. TCGE is a necessary and indispensable party to this lawsuit.

Defendant Harrah's next argues that Plaintiff's Amended Complaint should be dismissed under Rules 12(b)(7) and 19 for failure to join a necessary and indispensable party. Def. Harrah's Mem. Supp. (# 34-1) at 14-16. In particular, Defendant Harrah's contends that Plaintiff erred by failing to join TCGE as a necessary and indispensable party to this lawsuit under Rule 19. Id. at 14.

With a Rule 12(b)(7) motion, the burden of proof rests with the moving party. See Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005) (noting that the party asserting a Rule 12(b)(7) motion bears the burden of showing that a party not joined is both necessary under Rule 19(a) and indispensable under Rule 19(b)). "Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." Owens, 186 F.3d at 441.

The Court finds Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541 (4th Cir. 2006), to be instructive on this issue. In Yashenko, the plaintiff, a terminated casino employee, filed a state court action against the casino management company that had contracted with the Indian tribe to operate tribal gaming enterprise for violating the Family and Medical Leave Act ("FMLA"). Id. at 545. The action was removed to federal court, and the plaintiff added claims of race discrimination under § 1981 and wrongful discharge in violation of North Carolina public policy. Id. The district court granted summary judgment for the defendant on the FMLA and § 1981 claims and dismissed the wrongful discharge claim without prejudice. Id.

6

On appeal, the Fourth Circuit Court of Appeals noted that in June 1996, the Eastern Band of Cherokee Indians ("EBCI") entered into a Management Agreement with the defendant concerning EBCI's gaming enterprise. Id. at 544. Pursuant to the Agreement, the defendant worked as the manager for EBCI's delegate, TCGE. Id. All employees hired by the defendant to staff the casino were considered employees of TCGE, even though the defendant maintained supervisory authority over them. Id.

The Fourth Circuit engaged in a Rule 19 analysis and determined that EBCI was a necessary party under Rule 19(a) and an indispensable party under Rule 19(b) to the plaintiff's § 1981 cause of action. Id. at 552-53. The Fourth Circuit concluded that because EBCI's sovereign status prevented its joinder, the district court must be affirmed. Id. at 553.

### 1. TCGE is a necessary party under Rule 19(a).

Defendant Harrah's argues that EBCI's tribal enterprise, TCGE, is a necessary and indispensable party to this litigation. Mem. Supp. (# 34-1) at 15. Defendant Harrah's further argues that EBCI contracts with Defendant Harrah's to manage and operate the two casinos where Plaintiff worked. Id. (citing Ray Decl. (# 34-2) ¶ 6). Defendant Harrah's contends that pursuant to a Management Agreement (# 39-1), EBCI has delegated its rights under the Management Agreement to TCGE. Id. at 15-16 (citing Ray Decl. (# 34-2) ¶ 7). Defendant Harrah's further contends that any judgment in the instant case without TCGE would impair the contractual interests between EBCI, together with its tribal enterprise TCGE, and Defendant Harrah's. Id. at 16. Defendant Harrah's asserts that any decision in the absence of Plaintiff's employer, TCGE, would not provide full relief. Id. Finally, Defendant Harrah's concludes that litigating Plaintiff's unpaid wage claims, without TCGE, would subject both Defendants and TCGE to inconsistent obligations. Id.

7

Under the first step in the Rule 19 analysis, this Court must determine whether TCGE is a necessary party in the instant action. Pursuant to Rule 19(a), a party is to be joined if feasible when (1) the court cannot accord complete relief among the existing parties; (2) the party's absence may, as a practical matter, impair or impede that party's ability to protect its interest; or (3) the party's absence may subject the existing parties to a substantial risk of incurring multiple or otherwise inconsistent obligations. See Fed. R. Civ. P. 19(a)(1).

By way of background, Defendant Harrah's has filed the Declaration (# 34-2) of Jo Ray ("Ray"), which provides the necessary factual background for this Court to decide the issue. Ray currently serves as Regional Vice President, Human Resources, and Community Relations for TCGE. Id. ¶ 2. TCGE is a wholly-owned and operated enterprise of the EBCI. Id. ¶ 3. EBCI is a federally-recognized Indian tribe located in Cherokee, North Carolina. Id. ¶ 4. All TCGE employees, including Plaintiff, are employees of a tribal enterprise. Id. ¶ 5.

EBCI has a Management Agreement (# 39-1) with Defendant Harrah's to oversee both the management and operations of the two casinos located on EBCI Indian Reservation lands. Ray Decl. (# 34-2) ¶ 6. Defendant Harrah's has one employee working on the casino property to facilitate the management services it provides to EBCI. Id. ¶ 6. EBCI has expressly delegated its obligations and rights under the Management Agreement to TCGE. Id. ¶ 7; Mgmt. Agreement (# 39-1) ¶ 1.1.

Plaintiff was employed by TCGE as a table games dealer, dual rate dealer, and floor supervisor at the two tribal casinos. Ray. Decl. (# 34-2) ¶ 8. Plaintiff was subject to the rules and regulations of the Cherokee Tribal Gaming Commission during his employment. Id. ¶ 9. Plaintiff's employment with TCGE was conditioned on him passing a background check performed by the Cherokee Tribal Gaming Commission. Id. ¶ 10.

Defendant Harrah's argues that Plaintiff concedes TCGE is a necessary party to this action under Rule 19(a). Def.'s Harrah's Reply (# 43) at 3 (citing Pl.'s Resp. Oppos. (# 39) at 19). The Court has thoroughly reviewed Plaintiff's brief, but fails to see this purported concession. Therefore, the Court will now proceed with a Rule 19 analysis.

Under the first factor of Rule 19(a), whether the court cannot accord complete relief among the existing parties, it appears that Plaintiff was actually employed by TCGE. See Ray Decl. (# 34-2) ¶ 5. Because Plaintiff's claims are workplace claims, TCGE, his "real" employer, must be joined for complete relief.

With respect to the second factor, the Court must address whether the party's absence may, as a practical matter, impair or impede that party's ability to protect its interest. The Court concludes that TCGE, Plaintiff's employer, must be present in the litigation to protect its interest against Plaintiff's allegations.

Under the third and final factor, the party's absence may subject the existing parties to a substantial risk of incurring multiple or otherwise inconsistent obligations. Because the failure to add TCGE could quite possibly lead to multiple or inconsistent obligations, TCGE must be joined.

In light of the foregoing, the Court finds that TCGE is a necessary party under Rule 19(a).

### 2. TCGE cannot be joined.

Under the second step of the Rule 19 analysis, this Court must determine whether TCGE can be joined. TCGE cannot be joined as a party in this case as a result of its tribal immunity. See Madewell v. Harrah's Cherokee Smoke Mountains Casino, No. 2:10CV8, 2010 WL 2574079, at *2 (W.D.N.C. May 3, 2010) (recognizing that TCGE enjoys tribal immunity); see also Stillaguamish Tribe of Indians v. Washington, No. 3:16-CV-05566-RJB, 2017 WL 3424942, at *4

(W.D. Wash. Aug. 9, 2017) ("As 'quasi-sovereign nations,' Santa Clara Pueblo v. Martinex, 436 U.S. 49, 71 (1978), Indian tribes are generally immune from suit.").

### 3. This action should not proceed without TCGE.

The third and final step in the Rule 19 analysis requires a determination of whether "in equity and good conscience" the action should proceed in the absence of TCGE, or whether it should be dismissed. Fed. R. Civ. P. 19(b). The factors to be considered are:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Id.

Citing Kescoli v. Babbitt, 101 F.3d 1304, 1311 (9th Cir. 1996), and Enter. Mgmt. Consultants, Inc. v. United ex. rel. Hodel, 883 F.2d 890, 894 (10th Cir. 1989), Plaintiff argues that TCGE is not an indispensable party under Rule 19(b). Pl.'s Resp. Oppos. (# 39) at 21-22. Contrary to Plaintiff's argument, the two cases he has cited actually demonstrate that TCGE, as a sovereign entity, is indispensable under Rule 19(b).

In Kescoli, the Ninth Circuit Court of Appeals reviewed the district court's joinder determination under Rule 19. 101 F.3d at 1309. Under the first factor of Rule 19(b), the Ninth Circuit noted that the Navajo Nation and the Hopi Tribe had an interest in the litigation. Id. at 1311. Thus, the first factor weighed in favor of dismissal. Id. Pursuant to the second factor, the Ninth Circuit concluded that the district court correctly found that potential prejudice to the Navajo Nation and the Hopi Tribe could not be effectively minimized because relief for the plaintiff could not be effectively shaped, in their absence, to avoid prejudice to them. Id. The Ninth Circuit concluded that while the third and fourth

10

factors may favor allowing the plaintiff to proceed with her action, the Court had also "recognized that a plaintiff's interest in litigating a claim may be outweighed by a tribe's interest in maintaining sovereign immunity." Id. (quoting Confederated Tribes v. Lujan, 928 F.2d 1496, 1500 (9th Cir. 1991)). The Ninth Circuit held that when a necessary party is immune from suit, there may be "very little need for balancing Rule 19(b) factors because immunity itself may be viewed as the compelling factor." Id. (quoting Lujan, 928 F.2d at 1499). The Ninth Circuit ultimately held as follows:

> Based on the need to protect tribal sovereignty and because the factors do not clearly weigh in favor of allowing [the plaintiff] to proceed with her action, the district court correctly determined that the Navajo Nation and the Hope Tribe are indispensable parties.

Id.

In Enterprise Management Consultants, the Tenth Circuit Court of Appeals addressed whether under Rule 19(b) the Tribe was an indispensable party so that the action cannot in equity and good conscience proceed in its absence. 883 F.2d at 893. The Tenth Circuit noted the effect this action would have on the Tribe's interest in the contract and also the fact that the suit would effective abrogate the Tribe's sovereign immunity by adjudicating its interest in that contract without consent. Id. at 894.

The Tenth Circuit determined that this was distinguishable from those cases where the United States initiates suit on behalf of a tribe and adequately represents the tribe's interest as a plaintiff. Id. The Tenth Circuit noted that "[w]hen, as here, a necessary party under Rule 19(a) is immune from suit, there is very little room for balancing of other factors set out in Rule 19(b), because immunity may be viewed as one of those interests compelling by themselves." Id. (quotations omitted).

11

With respect to the instant case, TCGE is a necessary party under Rule 19(a) that is immune from suit. Under Rule 19(b), immunity is deemed a "compelling factor" to demonstrate that the party is indispensable.[4] See Kescoli, 101 F.3d at 1311. Tribal sovereign immunity prohibits the joinder of TCGE. Therefore, dismissal of the case is warranted under Rule 12(b)(7).[5]

## IV. Conclusion

In light of the foregoing, the Court RECOMMENDS that Defendant Harrah's Motion to Dismiss (# 34) be granted, and Defendant Robinson's Motion to Dismiss (# 44) be denied as moot.

Signed: April 27, 2018

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

---

[4] Defendant Harrah's engages in a balancing of the Rule 19(b) factors. See Def. Harrah's Reply (# 43) at 5-7. Such analysis is not necessary under the circumstances presented by this case. See Kescoli, 101 F.3d at 1311 (Recognizing that there is "very little need for balancing Rule 19(b) factors because immunity itself may be viewed as the compelling factor.") (quoting Lujan, 928 F.2d at 1500); Enter. Mgmt. Consultants, 883 F.2d at 894 ("When, as here, a necessary party under Rule 19(a) is immune from suit, there is very little room for balancing of other factors set out in Rule 19(b), because immunity may be viewed as one of those interests compelling by themselves." (citations omitted)).

[5] Having determined that the case should be dismissed pursuant to Defendant Harrah's Motion to Dismiss under Rule 12(b)(7), the Court need not address Defendant Robinson's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7), which has been rendered moot.

12

### **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).