# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## Case No. 1:17-cv-00240-MR-DLH

| | |
|---|---|
| **JOSEPH CLARK, On Behalf of Himself and All Others Similarly Situated,**<br><br>          **Plaintiff,**<br><br>**vs.**<br><br>**HARRAH'S NC CASINO COMPANY, LLC, d/b/a HARRAH'S CHEROKEE CASINO RESORT and d/b/a HARRAH'S CHEROKEE VALLEY RIVER CASINO AND HOTEL, and BROOKS ROBINSON,**<br><br>          **Defendants.** | **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION** |

Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.1, Defendant Harrah's NC Casino Company, LLC, d/b/a Harrah's Cherokee Casino Resort and d/b/a Harrah's Cherokee Valley River Casino and Hotel, ("Defendant Harrah's") and Defendant Brooks Robinson ("Defendant Robinson") (sometimes collectively "Defendants") hereby timely file and serve this Response to Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge on Defendants' Motions to Dismiss, Doc. 55 ("Plaintiff's Objection").

# **INTRODUCTION**

The Memorandum and Recommendation's proposed findings include that (1) Plaintiff's actual employer, Tribal Casino Gaming Enterprise ("TCGE"), is a necessary party under Rule 19(a) of the Federal Rules of Civil Procedure to this action involving "workplace claims;" (2) TCGE cannot be joined as a party to this case because it is a wholly owned enterprise of the Eastern Band of Cherokee Indians ("EBCI") entitled to tribal sovereign immunity; and (3) this action should not proceed without TCGE because it is also an indispensable party under Rule 19(b). Doc. 53, pp. 6-12.

Plaintiff does not dispute or object to the Magistrate Judge's proposed finding that TCGE cannot be joined as a party because it is entitled to sovereign immunity. *See* Doc. 55, pp. 4-5, n. 1. Plaintiff, however, does object to the Magistrate Judge's first and third findings noted above, that TCGE is a necessary and indispensable party to this litigation under Rule 19 whose absence requires dismissal under Rule 12(b)(7). *See generally* Doc. 55.

Plaintiff contends the Magistrate Judge erred with regard to these findings for two primary reasons: (1) Defendants and the Magistrate Judge allegedly failed to identify the "purported interests" of TCGE which would be impaired by permitting this action to proceed without it as a defendant and (2) Defendants and the Magistrate Judge allegedly failed to properly consider all applicable factors

2

under the Rule 19(b) indispensable party analysis. Doc. 55, pp. 2-3. Plaintiff's Objection misreads the Memorandum and Recommendation, and further, misapprehends or ignores Defendants' positions with respect to TCGE's interests in this litigation that make it a necessary and indispensable party. As shown below, Defendants have satisfied their burden, and the Magistrate Judge's analysis on these issues is sound and should be adopted by this Court in full.

Specifically, the Magistrate Judge correctly determined based on the evidence and arguments supplied by Defendants that Plaintiff "was actually employed by TCGE" and that TCGE, as Plaintiff's "'real' employer," is a necessary party to the Plaintiff's "workplace claims" at issue in this case. Doc. 53, p. 9. As Plaintiff's actual employer, TCGE is a necessary party to both Plaintiff's Fair Labor Standards Act ("FLSA") and North Carolina Wage and Hour Act ("NCWHA") claims for multiple reasons, including those first stated in Defendants' opening brief and recognized by the Fourth Circuit in *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 552 (4th Cir. 2006) – a case cited and discussed in Defendants' opening brief and in the Magistrate Judge's Memorandum and Recommendation. Doc. 34-1, p. 16; Doc. 53, pp. 6-7.

First, complete relief cannot be afforded without involving TCGE in this lawsuit, because a judgment in Plaintiff's favor would only bind Plaintiff and Defendants Harrah's and Robinson, and would not bind Plaintiff's actual

employer, TCGE, or prohibit TCGE from continuing to implement the allegedly offending payroll policies and practices. Doc. 34-1, p. 16; *Yashenko*, 446 F.3d at 552-553. Moreover, any judgment on Plaintiff's claims would threaten to impair TCGE's contractual interests, and thus, its fundamental economic relationship with Defendant Harrah's, a private party, as well as its sovereign capacity to negotiate contracts and to govern the reservation and its two Tribal Casinos at issue in this case. Doc. 34-1, pp. 13-16; *Yashenko*, 446 F.3d at 553. Additionally, any disposition in TCGE's absence threatens to leave Defendants subject to substantial risk of incurring multiple or inconsistent obligations, in that TCGE may insist Defendants continue with the allegedly offending payroll policies and practices at the Tribal Casinos but Defendants may simultaneously be obligated by the judgment to alter or change the allegedly offending payroll policies and practices. *See id.* Despite this consistent record and the controlling authority directing the conclusion that TCGE is a necessary party, Plaintiff inaccurately contends any

articulated interests of TCGE are too "vague" to be considered and therefore, TCGE is not a necessary party to this litigation. Doc. 55, p. 3.[1]

Furthermore, contrary to Plaintiff's reading of the Memorandum and Recommendation, the Magistrate Judge did, in fact, acknowledge and consider all the pertinent factors that are generally balanced in a Rule 19(b) analysis, but critically, he correctly determined that no such balancing analysis is necessary where, as is the case here, the party to be joined is protected by tribal sovereign immunity. Doc. 53, pp. 10-12. Plaintiff conveniently ignores this portion of the Memorandum and Recommendation and fails to explain how it constitutes error.

Plaintiff is essentially advancing the same unsuccessful arguments from his initial response in opposition to Defendants' Rule 12(b)(7) motion. Plaintiff's arguments are not addressed to the Magistrate Judge's proposed factual and legal conclusions, but to the arguments in Defendants' opening brief. As before, Plaintiff belabors the various general Rule 19(b) factors purportedly unsatisfied

---

[1] It should be noted that Plaintiff does not clearly delineate his arguments as they pertain to Rule 19(a) necessary party issues and Rule 19(b) indispensable party issues. At times, Plaintiff appears to conflate or confuse the elements of these two prongs and their various sub-prongs or sub-factors.

It should also be noted that Plaintiff's anemic "waiver" arguments should be rejected out of hand, both because Defendants, in fact, sufficiently raised and briefed the issue and because this Court and the Magistrate Judge may consider Rule 19 issues *sua sponte* even if not sufficiently raised by the parties. *See, e.g., MasterCard Intern. Inc. v. Visa Intern. Service Ass'n, Inc.*, 471 F.3d 377, 382-383 (2nd Cir. 2006) (collecting cases); *also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968) (instructing courts to take steps on their own initiative to protect an absentee party).

instead of addressing his objection to the Magistrate Judge's finding that TCGE's *sovereign* status is the most "compelling factor" warranting Rule 12(b)(7) and 19 dismissal. Moreover, even if such factors are balanced in this case, TCGE qualifies as an indispensable party for the reasons set forth below.

## RELEVANT PROCEDURAL BACKGROUND AND FACTS

The pertinent procedural background and facts are adequately summarized for purposes of this Response in the Memorandum and Recommendation, Doc. 53, pp. 1-3, and in Defendants' Limited Objections to the Magistrate Judge's Memorandum and Recommendation, Doc. 54, pp. 1-6. Therefore, for the sake of brevity and efficiency, they are not repeated again in this Response.

## ARGUMENT

### 1.    STANDARD OF REVIEW

If a party timely objects to a magistrate judge's proposed findings and recommendations, a district court must make a *de novo* determination of the specific portions to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). "The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised." *Madewell v. Harrah's Cherokee Smokey Mountains Casino*, 730 F. Supp.2d 485, 487 (W.D.N.C. 2010). "The district judge may accept, reject or modify the recommended disposition; receive further evidence; or

return the matter to the magistrate judge with instructions." Fed. R. Civ. P.

72(b)(3); 28 U.S.C. § 636(b)(1).

### 2. DEFENDANTS HAVE IDENTIFIED THE INTERESTS OF TCGE THREATENED TO BE IMPAIRED OR ADVERSLEY AFFECTED BY THIS LITIGATION WHICH THE MAGISTRATE JUDGE CORRECTLY ADOPTED.

Plaintiff argues that he "has never been given an opportunity to address the

purported interests [of TCGE] because they have not been identified." Doc. 55, p.

3. Plaintiff claims that the interests cited are too "vague" to be "actionable under

Rule 19." Doc. 55, p. 10. In their opening brief and reply, however, Defendants

articulated the interests that would be impaired or adversely affected in TCGE's

absence, relying on the declaration of Jo Ray, Regional Vice President of Human

Resources and Community Relations for TCGE. The Magistrate Judge correctly

adopted the undisputed facts set forth in Ms. Ray's declaration and Defendants'

briefing into his proposed findings:

> EBCI has a Management Agreement with Defendant Harrah's to oversee both the management and operations of the two casinos located on EBCI Indian Reservation lands. Defendant Harrah's has one employee working on the casino property to facilitate the management services it provides to EBCI. EBCI has expressly delegated its obligations and rights under the Management Agreement to TCGE.

> Plaintiff was employed by TCGE as a table games dealers, dual rate dealer, and floor supervisor at the two tribal casinos. Plaintiff was subject to the rules and regulations of the Cherokee Tribal Gaming Commission during this employment. Plaintiff's employment with

TCGE was conditioned on his passing a background check performed
by the Cherokee Tribal Gaming Commission.

Doc. 53, p. 8 (internal citations omitted).

Based on these facts, the Magistrate Judge correctly concluded that, under
each Rule 19(a) factor, TCGE is a necessary party to this litigation alleging that
Plaintiff has not received sufficient wages for his work as a TCGE employee. At
bottom, his finding was supported by the fact that "Plaintiff was actually employed
by TCGE" and that Plaintiff's Amended Complaint advances, in essence,
"workplace claims." Doc. 53, p. 9. While Plaintiff might have hoped for a longer
dissertation on this point, he overlooks the Magistrate Judge's detailed discussion
of *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541 (4th Cir. 2006),
which, in effect, analogizes the instant facts and circumstances with the findings
adopted by the Fourth Circuit in *Yashenko*:

> . . . The Eastern Band of Cherokee Indians ("EBCI") entered into a
> Management Agreement with the defendant concerning EBCI's
> gaming enterprise. Pursuant to the Agreement, the defendant worked
> as a manager for EBCI's delegate, TCGE. All employees hired by the
> defendant to staff the casino were considered employees of TCGE, even
> though the defendant maintained supervisory authority over them.

Doc. 53, p. 7 (internal citations omitted).

The Fourth Circuit in *Yashenko* concluded that TCGE was a necessary party
under Rule 19(a) to a suit against Defendant Harrah's, because of the threat of
impairment of TCGE's contractual interests and economic relationships with

Defendant Harrah's, as well as the threat of impairment of TCGE's capacity to "negotiate contracts, and, in general, to govern the reservation." *Yashenko*, 446 F.3d at 552-553 (internal quotation marks omitted); *see also Dawavendewa v. Salt River Project Agr. Imp. And Power Dist.*, 276 F.3d 1150, 1156-1157 (9th Cir. 2002) (an Indian Tribe is a necessary party to any dispute that may affect its contract with a third-party). Plaintiff's misreading of the Memorandum and Recommendation completely misses that the Magistrate Judge adopted this *same reasoning* in his determination that TCGE is a necessary party to this case under Rule 19(a).

Given Defendants' and the Magistrate Judge's principal reliance on *Yashenko*, Plaintiff's claim that Defendants (and by extension, the Magistrate Judge) gave insufficient treatment to the Rule 19(a) analysis is incorrect. Moreover, Plaintiff's attempt to distinguish *Yashenko* on the ground that the Fourth Circuit's analysis took place in the context of a Section 1981 claim is not well-taken. Plaintiff selectively quotes the following passage from *Yashenko*: "[A]ny judgment entered into without joining the Tribe would be inadequate because it would bind only [plaintiff] and Harrah's; the Tribe would remain free to enforce

9

the tribal preference policy [violative of Section 1981] on its reservation and through its contractual relations." 446 F.3d at 553.

Not only does Plaintiff omit the Fourth Circuit's discussion of the other pertinent Rule 19(a) factors (which are dispositive there, and here), but the above excerpt is nevertheless consistent with the instant case insofar that a judgment against Defendants would leave TCGE, as the ultimate employer, free to promulgate or sanction policies allegedly in violation of the FLSA and NCWHA, or alternatively, to force Defendants to adhere to such allegedly unlawful policies. That the plaintiff sought relief under 42 U.S.C. § 1981 in *Yashenko* was immaterial to the court's Rule 19 analysis, except to the extent that it was a cause of action against an *employer*. This same reasoning has been applied to causes of action other than Section 1981 claims potentially involving the rights and interests of Indian Tribes. *See, e.g., Dawavendewa*, 276 F.3d at 1155-1156 (collecting cases). Accordingly, *Yashenko* is not distinguishable and, in fact, controls the outcome here.

The other cases on which Plaintiff relies are inapposite, and are not binding on this Court.[2] Either way, they are unpersuasive.[3]  In *MasterCard Intl. Inc. v.*

---

[2] Neither are these cases persuasive to the extent they are inconsistent with Fourth Circuit binding precedent in *Yashenko*.
[3] Plaintiff cites a number of cases from other jurisdictions supporting general legal propositions, but does not provide further context.  To the extent Plaintiff relies on a case for its facts, Defendants will address it.

*Visa Intl. Serv. Assn., Inc.*, 471 F.3d 377 (2d Cir. 2006), the Second Circuit held that even though the absent party could be adversely affected by the outcome of the litigation, the harm it might suffer was not actually "caused" by its absence, which the court defined as "the future impact of a third-party's rights under a separate contract." *Id.* at 386. Here, by contrast, the principal interest threatened by the litigation is not TCGE's contract with Defendant Harrah's (although it will be impaired), but rather TCGE's general autonomy as a sovereign tribal entity. In other words, if Plaintiff obtains a judgment in this case that requires the payment of back wages and altering of payroll policies at the Tribal Casinos going forward, it will be TCGE – the sovereign – that will bear the burden of that result as Plaintiff's employer – even though it is a sovereign entity that at least generally has the right to govern the reservation and negotiate contracts relating to the operation and management of the Tribal Casinos. Accordingly, TCGE clearly qualifies as a necessary party.

Another point missed by Plaintiff is that he was in actual *privity* with TCGE (his employer), not Defendants. This fact plainly underscores the interest that will be impaired, as the entire subject matter of the litigation is Plaintiff's employment relationship with TCGE. The situation is akin to one where the absent party is a party to a contract which is the subject of the litigation, a scenario discussed at length in *MasterCard*, *supra.* and in which it is generally held that the absent party

is, in fact, a necessary and indispensable party to the litigation. *See, e.g.*, *Dawavendewa*, 276 F.3d at 1156-1157 (a party to a contract is a necessary and indispensable party to a lawsuit that could affect its rights or interests under that contract); *Crouse-Hinds Co. v. InterNorth, Inc.*, 634 F.2d 690, 700-701 (2d Cir. 1980) (the presence of a party to a contract whose contractual rights or interests may be affected by the judgment sought in the action is necessary and required); *Skokomish Indian Tribe v. Goldmark*, 994 F. Supp.2d 1168 (W.D. Wash. 2014) (other signatory Indian Tribes to Treaty were necessary and indispensable parties to case that would potentially impair or impact the Treaty).

Plaintiff's reliance on *GAA Family Limited Partnership v. Southeast Restoration, Inc.*, 2017 WL 2261739 (S.D. W.Va. May 23, 2017) is similarly misplaced. There, the plaintiff-landlord entered into an agreement with a contractor for building repairs. Although the tenant (the alleged "necessary party") also signed the agreement, the court held that the landlord's "allegations suggest that it . . . is the only entity responsible for paying the invoice [per the agreement]" and thus the court could not discern how the tenant's alleged interests would be impaired by the litigation, nor was it "explain[ed] what those interests may be." *Id.* at *2. Here, TCGE is not a mere signatory to an agreement; rather, TCGE is the party who will be obligated, as Plaintiff's *employer*, to pay any judgment relating

to allegedly unpaid and owed *wages* and to make any potentially required changes to its payroll policies and practices going forward.

Furthermore, as recited in Defendants' previous submissions and adopted in the Memorandum and Recommendation, and as discussed more fully below, Defendants have articulated numerous, concrete ways in which TCGE's interests would be adversely affected or impacted by this litigation. In any event, Plaintiff's insistence that Defendants have failed to specifically catalogue *every* interest impaired, and how they may be impaired, is beside the point: Under Rule 19(a), the court is permitted "to draw reasonable, pragmatic inferences from the particular circumstances in the case to protect the absent party." *Picciotto v. Continental Cas. Co.*, 512 F.3d 9, 17 (1st Cir. 2008).

### 3. PLAINTIFF FAILS TO ADDRESS THE MAGISTRATE JUDGE'S FINDING THAT TCGE'S SOVEREIGN STATUS IS THE MOST COMPELLING FACTOR WARRANTING DISMISSAL UNDER RULE 19(b).

In his Objection, Plaintiff argues that the Magistrate Judge glossed over the applicable factors under Rule 19(b) in determining that TCGE is an indispensable party. Doc. 55, pp. 5-6. Plaintiff relies on *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968) for the proposition that the court must apply a

four-factor test to determine if Rule 19(b) dismissal is appropriate.[4]  He claims that

neither Defendants, nor the Magistrate Judge, adequately addressed any of these

factors.  Doc. 55, p. 6.

Defendants do not dispute that *Provident Tradesman* generally controls Rule

19(b) analyses.  However, more recent decisions have clarified the scope and

purpose of the Rule 19(b) analysis:  "[T]he inquiry is a practical one and fact

specific, and is designed to avoid the harsh results of rigid application."

*Confederate Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1506

(9th Cir. 1991) (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir.

1990).  The Rule 19(b) factors are thus "not rigid tests, but rather are guides to the

overarching 'equity and good conscience' determination."  *Whalen v. Carter*, 954

F.2d 1087, 1096 (5th Cir. 1992).

---

[4] Plaintiff quotes the following passage from *Provident Tradesman*:

> Rule 19(b) suggests four "interests" that must be examined in each case to
> determine whether, in equity and good conscience, the court should proceed
> without a party whose absence from the litigation is compelled . . . First, the
> plaintiff has an interest in having a forum.  Before the trial, the strength of this
> interest obviously depends upon whether a satisfactory alternative forum exists . .
> . Second, the defendant may properly wish to avoid multiple litigation, or
> inconsistent relief, or sole responsibility for a liability he shares with another . . .
> Third, there is the interest of the outsider whom it would have been desirable to
> join . . . Fourth, there remains the interest of the courts and the public in complete,
> consistent, and efficient settlement of controversies . . . Rule 19(b) also directs a
> district court to consider the possibility of shaping relief to accommodate these four
> interests.  Commentators had argued that greater attention should be paid to this
> potential solution to a joinder stymie, and the Rule now makes it.

*Id.* at 109-112.  However, Plaintiff's analysis does not cleave to this factors.

Consistent with these principles, and as recognized by the Magistrate Judge, TCGE's status as a tribal sovereign entity, along with its interest in maintaining its sovereign immunity, outweighs the other pertinent Rule 19(b) factors to the extent they might favor Plaintiff. Indeed, the rigid application of the general rules Plaintiff urges here is inappropriate where the "the necessary party is immune from suit." In such cases, there is "very little need for balancing Rule 19(b) factors because immunity itself may be viewed as the compelling factor." *White v. Univ. of California*, 765 F.3d 1010, 1028 (9th Cir. 2014) (internal quotation marks omitted) (collecting cases and stating "[a]s the district court correctly noted, 'virtually all the cases to consider the question appear to dismiss under Rule 19, regardless of whether a remedy is available, if the absent parties are Indian tribes invested with sovereign immunity'"); *Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996); *Enter. Mgmt. Consultants, Inc. v. U.S ex. rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989).

The Magistrate Judge thus correctly shifted the Rule 19(b) inquiry to TCGE's undisputed status as a tribal sovereign, as it is the most "compelling factor" warranting Rule 19(b) dismissal. Plaintiff, by sleight of hand, frames his objection to the Memorandum and Recommendation as an improper relegation of the Rule 19(b) analysis to a simple, conclusory finding. Having sidestepped the issue of TCGE's sovereign immunity, Plaintiff instead undertakes a routine

recitation of the Rule 19(b) factors under *Provident Tradesmen* ignoring the controlling immunity factor, in effect merely rehashing the unsuccessful arguments from his initial opposition brief.

### 4. DEFENDANTS HAVE NONETHELESS ESTABLISHED THAT TCGE IS AN INDISPENSABLE PARTY UNDER RULE 19(b).

Lest there be any doubt about *White*, *Kescoli*, and *Hodel, supra*, Defendants have still demonstrated that TCGE is an indispensable party in this action under the factors set forth in *Provident Tradesmen*.

First, there is a tribal forum which should have the first opportunity to determine whether it has jurisdiction over Plaintiff's claims. *See, e.g.*, *Fidelity & Guaranty Ins. Co. v. Bradley*, 212 F. Supp.2d 163, 165-166 (W.D.N.C. 2002) (recognizing the existence of the Cherokee Tribal Court and concluding that it "clearly has jurisdiction over the dispute at issue; a dispute between a non-Indian which entered into a consensual contractual relationship with an Indian" – similarly this is at bottom a dispute about the wages allegedly owed to Plaintiff by his employer, a tribal enterprise, over which the Cherokee Court has jurisdiction); *Madewell v. Harrah's Cherokee Smokey Mountains Casino*, 730 F. Supp.2d 485 (W.D.N.C. 2010) (recognizing the existence of the Cherokee Court); *Harrington v. Little Traverse Bay Bands of Odawa Indians*, 2007 WL 6930560 (Little Traverse Trib. Ct. Sept. 19, 2007), *dismissed sub nom. Harrington v. Perry*, 2010 WL 11240653 (Little Traverse C.A. Aug. 17, 2010) (example of a tribal court

addressing FLSA claims by a former tribal employee). Plaintiff does not and cannot dispute the availability of a tribal forum, but merely objects that the Magistrate Judge failed to address the issue. *See* Doc. 55, p. 14.

Second, both TCGE and the EBCI have a clear interest in this matter. An adverse judgment in this case, for example, would prejudice the EBCI's economic interests in the Tribal Casinos and in the Management Agreement with Defendant Harrah's. The employment policies and practices concerning wage and hour issues at the Tribal Casinos impact the economic performance of the Casinos, which in turn impacts TCGE and the EBCI. The Management Agreement provides that the purpose of the Tribal Casinos is to enhance the economic viability of the EBCI. Doc. 39-1, § 1.2. Courts recognize casinos that are owned and operated by an Indian tribe are arms of the tribe, and "there is no question that [the] economic and other advantages [provided by the casino] inure to the benefit of the Tribe." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1047 (9th Cir. 2006); *Madewell*, 730 F. Supp.2d at 489 (recognizing that the operation and management of the very same casinos at issue here implicates the economic interests and welfare of the EBCI).

Third, as discussed above, TCGE's absence would impair its contractual interest because its contractual interests are directly implicated; the Management Agreement specifically provides that the Board of Advisors of TCGE must approve all personnel policies and procedures and that the policies must comply

17

with applicable Tribal law. Doc. 39-1, § 4.18. Any judgment related to such

polices, which must be reviewed and approved by the Board of Advisors, would, in

the absence of TCGE as a party, "threaten to impair the Tribe's contractual

interests, and thus, its fundamental economic relationship with" Defendants, as

well as its general right to govern activities in the Tribal Casinos. *Yashenko*, 446

F.3d at 553.

Fourth, any judgment rendered in the absence of TCGE would prejudice

Defendants because it would hinder their ability to resolve their contractual

obligations with TCGE and would also subject Defendants to inconsistent

obligations. Because it is not a party to this litigation, the TCGE (and the EBCI)

will not be bound by whatever judgment might be rendered. Accordingly, a

judgment in this case finding the employment policies and practices at issue

unlawful would not prevent TCGE from requiring Defendants to adhere to those

employment policies, since TCGE would not be bound by the decision of this

Court. As explained above, the Management Agreement requires that the TCGE

Board of Advisors approve all personnel policies and procedures, such that the

Board of Advisors may require Harrah's adhere to certain policies that contradict

any judgment rendered here.

Obviously, if TCGE were a party to this litigation, it would be required to

present any theories and arguments as to why its employment policies and

18

procedures are lawful. Its failure to do so would result in waiver, and TCGE would be just as bound as Defendants by the judgment in this case. Defendants would then not face a risk of inconsistent obligations. However, because TCGE is not joined and cannot be joined as a party, and will therefore not be bound by any resulting judgment, the risk that Defendants will face inconsistent obligations is real and substantial.

On this point, Plaintiff argues that because the FLSA imposes joint and several liability, Plaintiff may be afforded full relief from Defendants in TCGE's absence.[5] While Plaintiff may be correct about Defendants' joint and several liability, it does not foreclose the possibility that Defendants may nonetheless face inconsistent obligations, not as between TCGE and Defendants by way of indemnity (as Plaintiff suggests), but because a judgment in this case finding the employment policies at issue unlawful would not prevent TCGE from requiring Defendants to adhere to those employment policies, since the Tribe would not be bound. *See Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991) ("Judgment against the [nominal party] would not be binding on the [tribe], which could continue to assert sovereign powers and

---

[5] Plaintiff advances this argument in the context of whether failing to join TCGE would risk Defendants facing inconsistent obligations. However, this argument really speaks to Rule 19(a)(1)(A). Defendants recognize that the issues are related, but this is one of many instances where Plaintiff conflates distinct prongs of Rule 19.

management responsibilities over the reservation"); *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1115 (9th Cir. 2002) ("The [tribe] could still attempt to enforce the lease provision in tribal court and ultimately, even attempt to terminate [plaintiff's] rights on the reservation").

Put simply, the apportionment of fault between TCGE and Defendants is irrelevant as to whether conflicting or inconsistent obligations may arise by failing to join TCGE.   Plaintiff's argument also misapprehends controlling authority on this issue which holds that complete relief may be afforded a plaintiff *only* in cases where the judgment may bind the tribe. *See Alto v. Black*, 738 F.3d 1111, 1127 (9th Cir. 2013) ("We may assume that the [tribe] may abide by the [nominal party's] decision, as it is committed by its own Constitution to do . . . ."). Once again, Plaintiff relies on *Alto* to demonstrate that TCGE is not an indispensable party, when in fact, *Alto* supports Defendants' position, as there is no way any judgment against Defendants would bind TCGE.

Finally, this Court cannot fashion a remedy so as to accommodate these varying and competing interests due to TCGE's inherent interest in the matter and Defendants' risk of being subject to inconsistent obligations.  Thus, Rule 19 mandates that TCGE is both a necessary and indispensable party.  Tribal sovereign immunity prohibits its joinder, requiring dismissal as properly recommended by the Magistrate Judge.

## **CONCLUSION**

For each of the foregoing reasons and for the reasons set forth in the Magistrate Judge's Memorandum and Recommendation itself, the Court should overrule or deny Plaintiff's Objection, and accept and adopt in full the portions of the Magistrate Judge's Memorandum and Recommendation finding that TCGE is a necessary and indispensable party to this lawsuit that cannot be joined, and recommending that Harrah's Motion to Dismiss under Rule 12(b)(7) be granted.

This the 25th day of May, 2018.

COZEN O'CONNOR

By:    /s/*Patrick M. Aul*
        Tracy L. Eggleston, NC Bar #18471
        Patrick M. Aul, NC Bar #39506
        301 S. College Street, Suite 2100
        Charlotte, North Carolina 28202
        Telephone:  704-376-3400
        Facsimile:  704-334-3351
        Email:  teggleston@cozen.com
        Email:  paul@cozen.com

        /s/*Jennifer T. Williams*
        Susan N. Eisenberg, FL Bar #600393
        Jennifer T. Williams, FL Bar #174203
        200 South Biscayne Blvd., Suite 3000
        Miami, FL  33131
        Telephone:  305-704-5944
        Facsimile:  786-220-0207
        E-mail:  seisenberg@cozen.com
        E-mail:  jtwilliams@cozen.com
        Admitted *Pro Hac Vice*

        *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that he electronically filed the foregoing *Defendants' Response to Plaintiff's Objection to the Magistrate Judge's Memorandum and Recommendation* with the Clerk of Court using the CM/ECF system and he served the foregoing document upon the attorneys shown below by transmittal of a Notice of Electronic Filing:

Philip J. Gibbons, Jr., NCSB # 50276
James B. Zouras
Andrew C. Ficzko
STEPHEN ZOURAS, LLP
15720 Brixham Hill Avenue, Suite 331
Charlotte, NC 28277
pgibbons@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com

Jeffrey A. Leon
Zachary A. Jacobs
QUANTUM LEGAL, LLC
513 Central Avenue, Suite 300
Highland Park, IL 60035
jeff@qulegal.com
zachary@qulegal.com

*Counsel for Plaintiff*

This the 25th day of May, 2018.

/s/*Patrick M. Aul*
Patrick M. Aul

LEGAL\36322390\2