# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00240-MR-DLH

| | |
|---|---|
| JOSEPH CLARK, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | **O R D E R** |
| HARRAH'S NC CASINO COMPANY, LLC, d/b/a Harrah's Cherokee Casino Resort, Harrah's Cherokee Valley River Casino and Hotel; and BROOKS ROBINSON, ) ) ) ) ) ) ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by Defendant Harrah's NC Casino Company, LLC ("Defendant Harrah's Casino") [Doc. 34]; the Motion to Dismiss filed by Defendant Brooks Robinson [Doc. 44]; the Magistrate Judge's Memorandum and Recommendation [Doc. 53] regarding the disposition of that motion; the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 55]; Defendant Harrah's Casino Limited Objections to the Memorandum and

Recommendation [Doc. 54]; and Defendant Harrah's Casino and the Plaintiff's respective responses to those Objections [Docs. 56, 57].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendants' motions and to submit a recommendation for their disposition.

On April 27, 2018, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the motions to dismiss. [Doc. 53]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. On May 11, 2018, the Plaintiff and Defendant Harrah's timely filed their Objections. [Docs. 54, 55]. These parties filed replies to the respective Objections on May 25, 2018. [Doc. 56, 57].

The Court is required to make a <u>de novo</u> determination only of those portions of the Magistrate Judge's Recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1); <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007) ("to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of

2

the true ground for the objection"). The Court is not required to review, under a de novo or any other standard, the factual or legal conclusion of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Here, the Plaintiff filed what purports to be objections to the Magistrate Judge's Memorandum and Recommendation. [See Doc. 55]. The Plaintiff's filing, however, does not identify any specific error in the Magistrate Judge's proposed conclusions of law. Instead, the Plaintiff fashions his "objection" more as a response to Defendant Harrah's Casino's brief in support of motion to dismiss. These kinds of objections do not warrant a de novo review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or

simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

In its Limited Objections, despite agreeing with the Magistrate Judge's proposed findings and recommendations as to Rule 12(b)(7), Defendant Harrah's Casino objects to the Magistrate's conclusion that Defendant Harrah's Casino's Motion to Dismiss pursuant to Rule 12(b)(1) should be denied. Specifically, Defendant Harrah's argues that Plaintiff's claims are barred by sovereign immunity since TCGE, a tribal entity, is Plaintiffs' actual employer and, therefore, the "real party in interest." Defendant Harrah's Casino further argues that the tribal exhaustion doctrine precludes this Court's exercise of jurisdiction, in any event, "until the parties have exhausted their tribal remedies as a matter of comity." [Doc. 54 at 2-3].

After careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law, including those relative to Defendant Harrah's Limited Objections, are consistent with current case law.[1] Accordingly, the Court hereby overrules the Defendant's Limited Objections and accepts the Magistrate's Judge's

---

[1] The Magistrate Judge made no findings or recommendation regarding the application of the tribal exhaustion doctrine. This Court's decision is not intended to pass judgment on whether the tribal exhaustion doctrine applies to the parties' dispute in this case or whether the Tribal Court has jurisdiction in any event. It is enough that Federal Rule of Civil Procedure 12(b)(7) required dismissal of the Amended Complaint in this case.

recommendation that the Defendant's Motion to Dismiss be granted pursuant to Rule 12(b)(7) for Plaintiff's failure to join a party under Rule 19. Furthermore, the granting of Defendant Harrah's Motion to Dismiss warrants granting Defendant Robinson's Motion to Dismiss as well.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Objections to the Memorandum and Recommendation [Doc. 55] and the Defendant's Limited Objections to the Memorandum and Recommendation [Doc. 54] are **OVERRULED**; the Memorandum and Recommendation [Doc. 53] is **ACCEPTED**; and the Defendants' Motions to Dismiss [Doc. 34, 44] are **GRANTED**.

The Clark shall enter a judgment simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 28, 2018

Martin Reidinger
United States District Judge