# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:17-cv-00240-MR-DLH

| | | |
|---|---|---|
| JOSEPH CLARK, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **O R D E R** |
| HARRAH'S NC CASINO COMPANY, LLC, d/b/a Harrah's Cherokee Casino Resort, Harrah's Cherokee Valley River Casino and Hotel; and BROOKS ROBINSON, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendants' Motion for Attorneys' Fees and Non-Taxable Costs. [Doc. 60]. The Plaintiffs responded to this motion [Doc. 68] and the Defendants replied [Doc. 69].

## I.     PROCEDURAL BACKGROUND

On August 31, 2017, Plaintiff, Joseph Clark, on behalf of himself and all similarly-situated individuals, filed a Class Action Complaint against Defendant Harrah's NC Casino Company, LLC ("Defendant Harrah's Casino") for unpaid wages, overtime compensation, and statutory penalties

resulting from Defendant Harrah's Casino's willful failure to compensate gaming floor employees with proper pay, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, et seq. [Doc. 1]. On October 18, 2017, Defendant Harrah's Casino filed a motion to dismiss the Complaint under Rules 12(b)(1) and 12(b)(7). [Doc. 18]. On November 8, 2017, the Plaintiff filed an Amended Complaint, adding Brooks Robinson ("Defendant Robinson") as an individual defendant. [Doc. 29]. The Court thereafter denied Defendant's motion to dismiss as moot due to the filing of the Amended Complaint. Then, on November 21, 2017, Defendant Harrah's Casino filed a motion to dismiss Plaintiff's Amended Complaint, also under Rules 12(b)(1) and 12(b)(7). [Doc. 34]. On February 5, 2018, Defendant Robinson also filed a motion to dismiss Plaintiff's Amended Complaint on the same grounds. [Doc. 44]. The parties fully briefed these motions. [Docs. 34-1, 39, 43, 45, 51, 52].

On April 27, 2018, the Magistrate Judge filed a Memorandum and Recommendation on the motions to dismiss. [Doc. 53]. He recommended that Defendants' motions under Rule 12(b)(1) be denied because the Court has subject matter jurisdiction over Plaintiff's claims but recommended that Defendants' motions under Rule 12(b)(7) be granted for failure to join a

2

necessary party under Rule 19.  [Id.].  The Plaintiff and Defendants filed objections to the Memorandum and Recommendation [Docs. 54, 55] and their respective replies [Docs. 56, 57].  On September 28, 2018, the Court entered an Order overruling the parties' objections and accepting the Magistrate Judge's recommendation that the Defendant Harrah's Casino's motion to dismiss be granted under Rule 12(b)(7).  [Doc. 58].  The Court further held that the granting of Defendant Harrah's Casino's motion to dismiss warranted the granting of Defendant Robinson's motion to dismiss as well.  [Id.].  On the same day, the Clerk entered Judgment in accordance with the Court's Order.  [Doc. 59].

On October 12, 2018, Defendants timely filed a motion for attorney's fees and non-taxable costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.1.  [Doc. 60].  The parties fully briefed this motion.  [Docs. 61, 68, 69].  On October 26, 2018, the Plaintiff filed a notice of appeal from the Court's September 28, 2018 Order granting Defendants' motions to dismiss to the United States Court of Appeals for the Fourth Circuit.  [Doc. 64].  The Court addresses Defendants' motion for attorney's fees and non-taxable costs.  Upon careful review, the Court finds that the Magistrate Judge's recitation of the underlying relevant factual history as set forth in his

prior Memorandum and Recommendation is correct, and it is therefore adopted in its entirety herein.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d) provides, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion" and "specify the judgment and the statute, rule, or other grounds entitling the movant to the award."  Fed. R. Civ. P. 54(d).  While taxable costs are awarded by the Clerk of Court under Rule 54(d), non-taxable costs may be sought in the same motion as for attorney's fees addressed to this Court.  See Fed. R. Civ. P. 54(d); LCvR 54.1.  Further,

> [i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.

Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendments.

Attorney's fees may be awarded where expressly authorized by contract or statute.   United Food and Commercial Workers, Local 400 v. Marval Poultry Co., Inc., 876 F.2d 346, 350 (4th Cir. 1989) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257, 95 S.Ct. 1612,

1621 (1975)).  Without such authorization, "courts generally adhere to the American Rule which requires each party to bear its own litigation costs, including attorney's fees."  Id.  The American Rule, however, "is subject to several narrow exceptions, however, that derive from the court's historic equity powers."  Id. (citing National Ass'n of Letter Carriers v. United States Postal Serv., 590 F.2d 1171, 1174 (D.C.Cir. 1978)).  One such exception requires "the court to find that the plaintiff acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  Sinclair v. Mobile, No. 1:07-cv-117, 2009 WL 322866, at *1 (Howell, Mag. J.) (quoting Dattner v. Conagra Foods, Inc., 458 F.3d 98, 103-104 (2nd Cir. 2006) (internal citations omitted)).

## III.    DISCUSSION

Here, the Defendants argue two grounds for the award of attorney's fees[1], express authorization under the NCWHA, N.C. Gen. Stat. § 95-25.22(d), and the Court's inherent equity power based on the Plaintiff's alleged bad faith.  The Court addresses these putative grounds in turn.

---

[1]In addition to $150,860.50 in attorney's fees, Defendant seeks $11,270.10 in non-taxable costs.  [Doc. 60 at 2].  For ease of reference and because their award is determined by application of the same law, the Court herein collectively refers to all the relief sought by Defendants as "attorney's fees" or "fees."

## A.    NCWHA

The NCWHA allows a court to "order costs and fees of the action and reasonable attorneys' fees to be paid by the plaintiff if the court determines that the action was frivolous."[2]   N.C. Gen. Stat. § 95-25.22(d).   "A claim is frivolous if 'the result is obvious or when the [ ] argument is wholly without merit.'"   Soler v. Staffmark East, L.L.C., No. 5:05-cv-235-BR, 2007 WL 9718333, at *2 (E.D.N.C. Feb. 23, 2007) (Britt, J.) (quoting Williams v. U.S. Postal Serv., 873 F.2d 1069, 1075 (7th Cir. 1989)).

Defendants argue that Plaintiff's action was "frivolous" because "Plaintiff prosecuted this action despite clear authority mandating its dismissal…," citing Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541 (4th Cir. 2006).  [Doc. 61 at 6].  While Yashenko is certainly "instructive" as to whether "the Plaintiff erred by failing to join [the Tribal Casino Gaming Enterprise] as a necessary and indispensable party to this lawsuit under Rule 19," as noted by the Magistrate Judge and accepted by this Court, Yashenko does not "clearly mandate" dismissal of Plaintiff's claims.  The Plaintiff's case was based, in part, on a good faith attempt to distinguish Yashenko and was, therefore, not frivolous.  See Panos v. Timco Engine Center, Inc., 218 N.C.

---

[2] The Defendants concede the FLSA does not include a similar provision [Doc. 61 at 5] and the Fourth Circuit has held that attorney's fees are not available under the FLSA. Andrews v. America's Living Centers, LLC, 827 F.3d 306, 312 (4th Cir. 2016).

App. 455, 721 S.E.2d 763, *4 (2012) (holding the trial court did not err in denying NCWHA defendant's motion for attorney's fees where the trial court determined the plaintiff's attempt to distinguish ultimately controlling case law was not frivolous). Also, the Plaintiff made allegations and other good faith – albeit unsuccessful – arguments that did not turn on the Court's application of <u>Yashenko</u> in any event. [<u>See</u> Docs. 29, 39, 55, 56]. Further, even if the Court were to find that the Plaintiff's action was frivolous, "the decision to award the fees [under N.C. Gen. Stat. § 95-25.22(d)] is discretionary with the trial court…." <u>Rice v. Danas</u>, 132 N.C. App. 736, 742 (1999). The Court declines to exercise such discretion here.

For all these reasons, Plaintiff's request for attorney fees under Section 95-25.22(d) is denied.

## B. The Bad Faith Exception.

For the Court to exercise its inherent authority to assess attorney's fees against the Plaintiff in this case, the Court would have to find that the Plaintiff acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Sinclair</u>, 2009 WL 322866, at * 2. Bad faith is defined as "dishonesty of belief or purpose." <u>In re Nelson</u>, No. 13-32469, 2014 WL 1884323, at *4 (Bankr. W.D.N.C. May 12, 2014) (citing Black's Law Dictionary 159 (9th ed. 2009)). Defendants argue that "[d]ue to the frivolity and apparent bad faith under

which Plaintiff commenced this action, Defendants, as the prevailing parties, are entitled to reasonable attorneys' fees and non-taxable expenses." [Doc. 61 at 4]. Defendants, however, fail to provide any legal or factual support for their argument. Instead, Defendants rely on the same arguments used in support of their claim that Plaintiff's action was frivolous, which were also insufficient in that context.

For these reasons, the Court declines to exercise its inherent authority to award any fees to Defendants.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Attorneys' Fees and Non-Taxable Costs [Doc. 60] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 16, 2019

Martin Reidinger
United States District Judge